IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| Bernadette Baker, ) | |
| ) | **ORDER GRANTING PLAINTIFF'S** |
| Plaintiff, ) | **MOTION TO VACATE AND/OR** |
| ) | **MOTION FOR RECONSIDERATION** |
| vs. ) | |
| ) | |
| Dirk Kempthorne, Secretary of the United ) | |
| States Department of Interior, or his ) | |
| predecessor-in-office; Bureau of Indian ) | Case No. 4:08-cv-077 |
| Affairs; Louis Dauphinais as Middle School ) | |
| Principal and in his individual capacity, ) | |
| ) | |
| Defendants. ) | |

On January 23, 2009, the Defendants filed a motion to dismiss. See Docket No. 13. On March 6, 2009, the Court granted the motion because the Plaintiff did not file a response. See Docket No. 15. On March 16, 2009, the Plaintiff sent a letter to the Clerk of Court's office. The Court will treat the Plaintiff's letter as a motion to vacate the judgment and/or a motion for reconsideration of the order. See Docket No. 17.

I. **BACKGROUND**

On September 2, 2008, the plaintiff, Bernadette Baker, filed a discrimination complaint through her attorney of record, Bernice C. Delorme. See Docket No. 1. On October 22, 2008, Delorme filed a motion to withdraw. See Docket No. 8. The Court granted Delorme's motion to withdraw on October 24, 2008. See Docket No. 12. On January 23, 2009, the Defendants filed a motion to dismiss for improper service of the summons and complaint. See Docket No. 13. On March 6, 2009, the Court granted the Defendants' motion, and dismissed the action without

prejudice. See Docket No. 15. Judgment was entered in favor of the Defendants on March 6, 2009. See Docket No. 16. Baker states that she responded to the motion to dismiss on January 28, 2009. See Docket No. 17. Baker contends she sent the following to the Defendants since the lawsuit has commenced:

1) summons issued to the Department of the Interior (9/02/08), by Bernadette Baker.

2) summons issued to Louis Dauphinais (9/02/08), by Bernadette Baker.

3) Louis Dauphinais did not respond to the Clerk of Court which was due on 10/6/08.

4) letter to United States Attorney Drew Wrigley on 2/27/09.

5) letter to AUSA Cameron W. Hayden on 1/28/09. The letter contains objections to the motion to dismiss.

6) letter to AUSA Cameron W. Hayden on 3/4/09. In the letter, Baker requested a response to the 1/28/09 letter.

See Docket No. 17. The letters dated January 28, 2009, February 27, 2009, and March 4, 2009, were never filed with the Court. Baker has now provided copies of the letters for the Court's review. She requests that the Court vacate the order and judgment filed on March 6, 2009.

## II. LEGAL DISCUSSION

### A. MOTION TO VACATE

Baker moves for the order and judgment to be vacated. A party may seek relief from a judgment or order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure for:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "The rule 'provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.'" Jones v. Swanson, 512 F.3d 1045, 1048 (8th Cir. 2008) (quoting United States v. Young, 806 F.2d 805, 806 (8th Cir. 1986)). A district court has broad discretion in determining whether to award relief under Rule 60(b). See Middleton v. McDonald, 388 F.3d 614, 616 (8th Cir. 2004).

Baker initially filed this action on September 2, 2008, through her attorney of record, Bernice C. Delorme. See Docket No. 1. As previously noted, on October 22, 2008, Delorme moved to withdraw as counsel. See Docket No. 8. The Court granted Delorme's motion to withdraw on October 24, 2008. See Docket No. 12. On January 23, 2009, the Defendants filed a motion to dismiss for improper service of the summons and complaint. See Docket No. 13. On March 6, 2009, the Court granted the Defendants' motion because the Court was under the impression that Baker had not responded to the motion. See Docket No. 15. On March 16, 2009, Baker filed a motion to vacate. See Docket No. 17. Baker contends she sent a letter to AUSA Cameron Hayden dated January 28, 2009, which consisted of her response to the motion to dismiss. In the letter, Baker contends while Bernice Delorme was acting as her attorney, Delorme told Baker to personally

send the summons via certified mail to the Defendants. The letter states the Defendants were improperly served because her attorney failed to serve the summons and complaint on the Defendants, and instead her attorney (Bernice Delorme) required Baker to serve the pleadings even though Baker is not trained in the law. Baker states that her former attorney is now the subject of several disciplinary proceedings in the State of North Dakota.

The letter Baker sent to AUSA Hayden was not filed with the Clerk of Court until March 16, 2009, which was ten days after the Court dismissed the action. In the letter, Baker directly addresses the issue of improper service which is the heart of the Defendants' motion to dismiss. Because Baker did not file this letter with the Clerk of Court until <u>after</u> the order and judgment were entered, the Court was unaware when it dismissed the case that Baker had taken any action to object to the Defendants' motion. The Court finds that Baker's letter of January 28, 2009, warrants that relief be granted under the circumstances. Fairness dictates a finding of excusable neglect and the existence of exceptional circumstances under Rule 60(b) so as to warrant setting aside the order and judgment. In the January 28, 2009, letter, Baker indicates that she is "responding" to the Defendants' motion to dismiss. The Federal Rules of Civil Procedure do not require that a response to motions be written in a specific format.

The Court finds the motion to vacate was filed within a reasonable period of time after the issuance of the order of dismissal and entry of the judgment, and there was both excusable neglect <u>and</u> exceptional circumstances which warrant Rule 60(b) relief in this case. Baker's letter dated January 28, 2009, reveals that Baker has been actively involved in the prosecution of this case with or without an attorney.

4

### III.     CONCLUSION

The Court finds, in its broad discretion, that the Plaintiff has demonstrated that she is entitled to relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  The Plaintiff's Motion to Vacate (Docket No. 17) is **GRANTED**.  The Court **ORDERS** that the order and judgment in favor of the Defendants entered on March 6, 2009, be **VACATED**.  The record does reveal that defendant Louis Dauphinais was served with the summons and complaint on September 16, 2008, and the Department of Interior was served on September 22, 2008.  See Docket No's. 4, 5.  The Clerk of Court is directed to re-open the case.

The Court will schedule a telephone status conference on Thursday, April 16, 2009, at 10:00 a.m.  The telephone conference will be initiated by the Court.  The Court would request that the plaintiff, Bernadette Baker, attempt to take steps to retain an attorney prior to the status conference.

**IT IS SO ORDERED**.

Dated this 20th day of March, 2009.

/s/  Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court