**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Bernadette Baker, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING PLAINTIFF'S** |
| | ) | **MOTION TO REMOVE** |
| | ) | |
| vs. | ) | |
| | ) | |
| Dirk Kempthorne, Secretary of the United | ) | |
| States Department of Interior, or his | ) | |
| predecessor-in-office; Bureau of Indian | ) | Case No. 4:08-cv-077 |
| Affairs; Louis Dauphinais as Middle School | ) | |
| Principal and in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

_____

Before the Court is the Plaintiff's "Motion to Remove Drew Wrigley, U.S. District Attorney

from Case" filed on May 15, 2009.  <u>See</u> Docket No. 26.  The Defendants filed a response in

opposition to the motion on May 18, 2009.  <u>See</u> Docket No. 27.

The plaintiff, Bernadette Baker, argues the following:

Mr. Drew Wrigley, United States District Attorney, should be removed from this
case as he was involved during the federal court case in which my husband, Gordon
Baker, was in.  Mr. Wrigley was present during the plea hearing at Minot, ND.  I was
also present.  This would be a conflict of interest in his part.  It is not certain whether
Mr. Cameron Hayden consulted about the case with Mr. Wrigley at the time, but if
this were true, then Mr. Hayden should be removed from the case also.  This would
be a conflict of interest in both cases.

THEREFORE, the Complainant respectfully requests this Court to grant this Motion
and remove Mr. Drew Wrigley from this case, and Mr. Cameron Hayden if he
consulted with Mr. Wrigley during the process of my husband, Gordon Baker's trial.

<u>See</u> Docket No. 26.

The Defendants contend that Baker's motion should be denied because she has failed to cite any law to support the requested action and because she has provided nothing more than unverified facts which do not establish a conflict of interest.  See Docket No. 27.

"A prosecutor is required to refrain from participating in an investigation or prosecution 'if such participation may result in a personal, financial, or political conflict of interest, or the appearance thereof.'"  United States v. Hernandez, 2008 WL 1990752, at *2 (D.N.D. May 7, 2008) (quoting 28 U.S.C. § 528).  "There is no rule that prosecutors are required to be neutral and detached."  Herndandez, 2008 WL 1990752, at *2 (citing Marshall v. Jerrico, Inc., 446 U.S. 238, 250 (1980)).

Baker has failed to present any evidence that United States Attorney Drew Wrigley and Assistant United States Attorney Cameron Hayden stand to gain personally, financially, or politically by representing the Defendants in this case.  The fact that the attorneys may have been remotely involved in the previous prosecution of Baker's husband does not create a conflict of interest.  There is simply no factual or legal basis to disqualify either attorney.  After a thorough review of the record and relevant case law, the Court **DENIES** the Plaintiff's Motion to Remove (Docket No. 26).

**IT IS SO ORDERED**.

Dated this 20th day of May, 2009.

/s/ Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court

2